# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00687-CR

**Dylan Shane Caad, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2012-502, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dylan Shane Caad pleaded guilty to two counts of aggravated robbery and one count of burglary of a habitation. *See* Tex. Penal Code §§ 29.03, 30.02. The district court sentenced Caad to thirty years' imprisonment for each of the aggravated robbery offenses and fifteen years' imprisonment for the burglary offense with the sentences to run concurrently. Before entering his plea to these charges, Caad filed a motion to suppress evidence contending that he "was arrested without lawful warrant, probable cause, or other lawful authority" and requesting exclusion of all evidence obtained from his allegedly illegal arrest. The district court denied the motion, which Caad appeals. *See* Tex. Code Crim. Proc. art. 44.02.[1] We will affirm the judgment of conviction.

---

[1] In 2019, the Court of Criminal Appeals afforded Caad the opportunity to file an out-of-time appeal. *Ex parte Caad*, No. WR-90,022-01, 2019 Tex. Crim. App. Unpub. LEXIS 525, at *1 (Crim. App. Sept. 11, 2019) (not designated for publication).

## BACKGROUND

The evidence from the suppression hearing showed that New Braunfels Police Department Patrol Officer Samuel Ramirez received a dispatch call at 1:50 a.m. notifying him about a robbery nearby that had just occurred, committed by suspects who were armed. There was only light traffic on the road where the officer was patrolling at the time. Within three minutes of the dispatcher's call, Officer Ramirez saw a vehicle coming toward IH-35 from the direction of the robbery and carrying the number of passengers consistent with the dispatcher's description. Officer Ramirez followed the vehicle without activating his patrol car's siren or overhead lights. Within two miles of the robbery, the driver pulled the vehicle into a shopping center parking lot and eventually stopped there although none of the businesses were open at that hour.

The driver of the vehicle was later identified as Destinee Marie Davila-Coy, and the two passengers as Troy Anthony Jenkins and Caad. Officer Ramirez told Davila-Coy to stand by his patrol car while waiting for a backup officer, Michael Burton, to arrive. The passengers appeared to be black or Hispanic males, matching the description of the gunmen. The officers investigated to determine whether the occupants of the vehicle were involved in the nearby robbery. Because the dispatcher had advised that the suspects were armed, Officer Ramirez conducted a pat-down search of Jenkins's outer clothing. He found a 9mm pistol and a loaded magazine in Jenkins's pockets. Officer Burton then directed Caad to get out of the vehicle and conducted a pat down search of his clothing. Inside the vehicle on the seat in plain view, Officer Ramirez saw black clothing and a ski mask matching the description of items that the perpetrators wore during the robbery. Search of the vehicle revealed another ski mask, another firearm, and property stolen from the victims. Caad, Jenkins, and Davila-Coy were

2

arrested and taken into custody. After the hearing, the district court denied Caad's motion to suppress.

**DISCUSSION**

On appeal, Caad challenges the district court's denial of his motion, contending that his arrest and the subsequent search were unlawful. He claims that he was "detained without reasonable suspicion of criminal activity," "removed from [the] car in which he was a passenger," and "frisked for weapons without reasonable belief that [he] was armed and dangerous." Caad also claims that "[t]here was no voluntary consent to search at any time."

However, as the State points out, the detention and search that are the basis of Caad's appeal were reviewed in a related appeal by his co-defendant, Jenkins. *See Jenkins v. State*, No. 13-14-00088-CR, 2015 Tex. App. LEXIS 7575, at *14 (Tex. App.—Corpus Christi–Edinburg July 23, 2015, pet. ref'd) (mem. op., not designated for publication).[2] Like Caad, Jenkins filed a motion to suppress evidence before pleading guilty to two counts of aggravated robbery and one count of burglary of a habitation. *See Jenkins*, 2015 Tex. App. LEXIS 7575, at *1. The record in this appeal reflects that the district court heard Caad's and Jenkins's motions together and based on the same evidence. The district court also denied Jenkins's motion. *Id.* at *5.

---

[2] Jenkins's case was before our sister court of appeals on transfer from this Court under the Texas Supreme Court's docket-equalization order. *See Jenkins v. State*, No. 13-14-00088-CR, 2015 Tex. App. LEXIS 7575, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg July 23, 2015, pet. ref'd) (mem. op., not designated for publication); *see also* Tex. Gov't Code § 73.001 (authorizing supreme court to order transfer of cases between courts of appeals); Tex. R. App. P. 41.3 (providing that case transferred to court of appeals must be decided in accordance with transferor court's precedent).

Jenkins's appeal, like Caad's, challenged the district court's denial of his motion to suppress evidence, contending that he was detained without reasonable suspicion of criminal activity and that the subsequent search was not justified. *See id.* at *9-11. In *Jenkins*, our sister court rejected those contentions after considering the facts objectively and under the totality of the circumstances:

> [E]ven though pulling over into a parking lot may not be suspicious per se, a vehicle pulling over to park in a closed shopping center located within two miles of a robbery location, approximately three minutes after the dispatch call, and carrying the number of passengers consistent with the description provided, raises some suspicion. Moreover, the trial court may have reasonably inferred that the driver was attempting to elude [the police] by parking the vehicle in a closed shopping center at 2:00 a.m. Furthermore, the trial court may have also inferred that the reason that the driver wanted to elude [the police] showed a consciousness of guilt and that the occupants of the vehicle were involved in the crime.

> The purpose of the investigation was to determine if the occupants of the vehicle were involved in the robbery. Since the dispatch log advised the police officers that the suspects carried two firearms, the police officers knew it was possible that the passengers of the vehicle carried firearms. For purposes of their own protection, police officers have the right to pat down the outer clothing of individuals, who they believe can be armed. In order to dispel his suspicion and protect himself from a possible injury, the officer who performed the pat down was entitled to ensure the passengers were not armed. Therefore, the trial court may have concluded that the officer was justified when he conducted a pat-down search of [Jenkins]. After finding the firearm in [Jenkins]'s pocket and observing clothing in the back seat that matched the description of the clothing used by the actors involved in the robbery, the police officers were justified to conduct further investigation to dispel or confirm their suspicions.

*Id.* at *12-14 (internal citation omitted). Affirming Jenkins's conviction and the denial of his motion to suppress, our sister court concluded, "Since a reasonable person would coherently suspect that the individuals in the vehicle were involved in criminal activity and the purpose for

the investigation was reasonably related to the robbery, the officers in this case were justified in conducting the search, and the interference is therefore constitutional." *Id.* at \*14; *Johnson v. State*, 622 S.W.3d 378, 388 (Tex. Crim. App. 2021) (noting that reasonable suspicion is "a relatively low hurdle"—less demanding than probable-cause standard—and is met when "the totality of the circumstances, viewed objectively and in the aggregate, suggests the realistic possibility of a criminal motive, however amorphous, that was about to be acted upon") (internal quotation omitted). Thus, a court of appeals applying our precedent, *see* Tex. R. App. P. 41.3, to the identical evidence in this record has already considered and determined that the investigative detention was justified at its inception because police had reasonable suspicion that the individuals in the vehicle were engaged or had engaged in criminal activity, and that the search and seizure were reasonably related to the circumstances that initiated the police interference. *See Jenkins*, 2015 Tex. App. LEXIS 7575, at \*14; *see also Terry v. Ohio*, 392 U.S. 1, 18-19 (1968). Caad's brief does not address *Jenkins*.

Under the law-of-the-case doctrine, an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue. *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014); *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987); *see Donaldson v. State*, No. 03-18-00390-CR, 2019 Tex. App. LEXIS 7429, at \*8 (Tex. App.—Austin Aug. 22, 2019, no pet.) (mem. op., not designated for publication). This doctrine applies to criminal and civil appeals. *Ware*, 736 S.W.2d at 701. Further, the law-of-the-case doctrine applies to different appeals "when the facts and legal issues in a case on appeal are virtually identical with those in a previous appeal in which the legal issues were resolved." *Ware*, 736 S.W.2d at 701; *see Donaldson*, 2019 Tex. App. LEXIS 7429,

at *8; *Aliu v. State*, No. 05-10-00787-CR, 2011 Tex. App. LEXIS 6583, at *4 (Tex. App.—Dallas Aug. 18, 2011, pet. ref'd) (mem. op., not designated for publication).

The record reflects that the facts and legal issues in this appeal are virtually identical to those our sister court resolved in *Jenkins*. Accordingly, under the law of the case, we conclude that the police had reasonable suspicion to detain Caad and that his arrest and the search conducted were lawful. *See Jenkins*, 2015 Tex. App. LEXIS 7575, at *14. Because the district court did not err by denying Caad's motion to suppress evidence, we overrule his appellate issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed: August 31, 2021

Do Not Publish

6